UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| ERIC A. WILSON, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos. 3:10-CR-75-1 |
| | ) | 3:14-CV-279-RLJ |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Presently before the Court are a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and a supplement thereto filed by Eric A. Wilson ("Petitioner") which challenge his enhanced sentence as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015).[1] In light of both *Johnson* and the recent *en banc* decision of the Sixth Circuit Court of Appeals in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017), it now is undisputed that Petitioner no longer qualifies as an armed career criminal under the ACCA. Accordingly, Petitioner's § 2255 motion [Doc. 34], as supplemented [Doc. 36], will be **GRANTED.**

**I. BACKGROUND**

On June 3, 2010, a grand jury sitting in the Eastern District of Tennessee returned a one-count indictment against Petitioner charging him with possession of firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) [Doc. 1].

---

[1] The Supreme Court has determined that *Johnson*, which invalidated the residual clause of the ACCA as unconstitutionally vague, announced a new "substantive rule that has retroactive effect in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016); *see also In Re Watkins*, 810 F.3d 375, 381-85 (6th Cir. 2015).

The presentence investigation report ("PSIR") identified three previous convictions for a violent felony, committed on occasions different from one another, that qualified Petitioner as an armed career criminal under the ACCA: (1) a 2003 conviction for aggravated burglary in the Campbell County, Tennessee, Criminal Court [PSIR ¶ 38]; (2) a 2002 conviction for robbery in the Campbell County, Tennessee, Criminal Court [PSIR ¶ 39]; and (3) a 2008 conviction for aggravated burglary in the Scott County, Tennessee, Criminal Court [PSIR ¶ 50]. As an armed career criminal, Petitioner was subject to a statutory mandatory minimum incarceration sentence of 15 years to a maximum of life and his advisory guideline sentencing range under the United States Sentencing Guidelines ("USSG") was 180 to 210 months [PSIR ¶¶ 80 and 81].

On June 20, 2011, Petitioner was sentenced to a term of imprisonment of 162 months at Count One of the indictment to be followed by a term of supervised release of five years [Doc. 33]. That sentence was below the mandatory minimum and was authorized by the government's motion pursuant to 18 U.S.C. § 3553(e) [Doc. 26]. Petitioner did not file a direct appeal.

On June 19, 2014, Petitioner, through court-appointed counsel, filed a § 2255 motion challenging his armed career criminal status based on the Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013) [Doc. 34]. On June 13, 2016, Petitioner, again through court-appointed counsel, filed a supplement to his pending § 2255 motion raising an additional challenge to his armed career criminal status based on the Supreme Court's invalidation of the ACCA residual clause in *Johnson* [Doc. 36].

The government's motion to defer ruling on Petitioner's motion pending an *en banc* decision from the Sixth Circuit in *United States v. Stitt*, 646 F. App'x 454 (6th Cir. 2016), was granted by the Court on December 19, 2016 [Doc. 41]. On June 27, 2017, the Sixth Circuit issued

its *en banc* decision holding that a conviction of aggravated burglary under Tennessee law does not qualify as a violent felony predicate offense under the ACCA. *Stitt*, 860 F.3d at 856.

On July 27, 2017, the parties filed a joint status report agreeing that Petitioner no longer qualifies as an armed career criminal in light of *Johnson* and *Stitt* [Doc. 43].

## II. ANALYSIS

### A. TIMELINESS

Section 2255(f) places a one-year period of limitation on all petitions for collateral relief under § 2255 which runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Claims based on the Supreme Court's opinion in *Johnson* satisfy the third sub-category—the assertion of a newly recognized right made retroactively applicable to cases on collateral review. *Welch*, 136 S. Ct. at 1268 (*Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review); *In Re Watkins*, 810 F.3d at 381–85. The one-year limitation period for filing a motion to vacate based on a right newly recognized by the Supreme Court runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable. *Dodd v. United States*, 545 U.S. 353, 357 (2005). Accordingly, *Johnson* triggered a renewed one-year

period of limitation beginning on the date of that decision, June 26, 2015, and running until June 26, 2016.

In this case, petitioner filed the supplement to his § 2255 motion raising a *Johnson* claim on June 13, 2016, which falls safely within the one-year window for requesting collateral relief under *Johnson*.

**B.     STANDARD OF REVIEW**

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *McPhearson v. United States*, 675 F.3d 553, 558–59 (6th Cir. 2012) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

**C.     PETITIONER'S *JOHNSON* CLAIM**

A felon who possesses a firearm normally faces a maximum penalty of 10 years' imprisonment, 18 U.S.C. § 924(a)(2), and 3 years' supervised release, 18 U.S.C. §§ 3559(a)(3) and 3583(b)(2). However, if that felon possesses the firearm after having sustained three prior convictions "for a violent felony or serious drug offense, or both," the ACCA requires a 15 year minimum sentence, 18 U.S.C. § 924(e)(1), and increases the maximum supervised release term to 5 years, 18 U.S.C. §§ 3559(a)(1) and 3583(b)(1). The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that: (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-

4

physical-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or, (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

In *Johnson*, the Supreme Court determined that the residual clause of the ACCA is unconstitutionally vague and concluded "that imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. *Johnson* did not automatically invalidate all ACCA sentences, however, emphasizing that its holding "d[id] not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.*; *see also United States v. Kemmerling*, 612 F. App'x 373, 376 (6th Cir. 2015) (explicitly finding that *Johnson* did not affect the ACCA's use-of-physical-force clause). Thus, under *Johnson*, an ACCA sentence only raises due process concerns, and thus is invalid, if it necessarily was based on predicate violent felonies that qualified as such only under the ACCA's residual clause.

In this case, two of Petitioner's three predicate offenses were convictions for aggravated burglary in violation of Tenn. Code. Ann. § 39-14-403 [PSIR ¶¶ 38, 50]. Petitioner contends, *inter alia*, that aggravated burglary could qualify as a predicate offense only under the stricken residual clause of the ACCA. In response, the government initially cited then-binding Sixth Circuit precedent holding that a conviction for aggravated burglary under the Tennessee statute qualifies as an ACCA predicate under the enumerated-offense clause. *United States v. Nance*, 481 F.3d 882, 888 (6th Cir. 2007).

However, in the *en banc Stitt* decision, the Sixth Circuit overruled *Nance* and expressly held that aggravated burglary is not a violent felony for purposes of the ACCA. 860 F.3d at 860–61. Applying a categorical approach, the Court determined that the Tennessee aggravated burglary

5

statute "sweeps more broadly than generic burglary" and thus cannot qualify as a violent felony under the enumerated-offense clause. *Id*. at 861. Because the statute categorically is not a violent felony, and also is indivisible, the Sixth Circuit concluded that a conviction under the Tennessee aggravated burglary statute does not count as a violent felony under the ACCA. *Id*. at 862.

Because a conviction for aggravated burglary does not qualify as a violent felony under the first two clauses of § 924(e)(2)(B),[2] and because *Johnson* invalidated the residual clause, Petitioner's aggravated burglary convictions under the Tennessee statute can no longer be used as predicate offenses under the ACCA. Furthermore, absent those convictions, Petitioner no longer has the requisite three prior convictions of a violent felony or a serious drug offense necessary to subject him to the ACCA's enhanced penalties.

Accordingly, the *Johnson* and *Stitt* decisions dictate that Petitioner no longer can be designated an armed career criminal under § 924(e). As a result, the 162-month term of imprisonment and 5-year term of supervised release imposed by the Court exceed the maximum authorized sentence of not more than 10 years' imprisonment and not more than 3 years' supervised release for a non-ACCA offender convicted of a violation of § 922(g)(1). *See* 18 U.S.C. § 924(a)(2) and 18 U.S.C. §§ 3559(a)(3) and 3583(b)(2). Under these circumstances, the Court finds a clear entitlement to § 2255 relief, as Petitioner has been subjected to "a sentence imposed outside the statutory limits." *McPhearson*, 675 F.3d at 559.

Where a § 2255 claim has merit, a district court "shall vacate and set the judgment aside" and, "as may appear appropriate," shall either "discharge the prisoner or resentence him or grant a

---

[2] The parties acknowledge that aggravated burglary does not have as an element the use, attempted use or threatened use of force and therefore cannot qualify as a violent felony under the "use-of-physical-force" clause of the ACCA [Doc. 43 p. 2].

new trial or correct the sentence." 28 U.S.C. § 2255(b); *see also Ajan v. United States*, 731 F.3d 629, 633 (6th Cir. 2013). In this case, the parties submit that the appropriate relief would be to correct Petitioner's sentence to a term of imprisonment of 108 months and to reduce the supervised release term to 3 years [Doc. 43 p. 3]. The Court agrees that a corrected sentence is the most appropriate form of relief in this case and will enter an order accordingly.

III. **CONCLUSION**

For the reasons set forth herein, the Court finds that Petitioner is entitled to relief under § 2255 and will grant his § 2255 motion [Doc. 34], as supplemented [Doc. 36]. The parties submit that the appropriate form of relief in this case would be a reduction in Petitioner's custodial sentence to 108 months, which represents a ten-percent reduction from the statutory maximum incarceration sentence applicable to a non-ACCA offender and is commensurate with the ten-percent reduction the Court granted Petitioner at the time of his original sentencing [Doc. 43 p. 3]. Upon consideration of the factors set forth in 18 U.S.C. § 3553(a), the Court is satisfied that such a term is sufficient but not greater than necessary to achieve the statutory purposes of sentencing set forth in § 3553(a)(2), and, therefore, will correct and reduce Petitioner's term of imprisonment to a sentence of 108 months at Count One of the indictment. Further, the Judgment imposed on June 20, 2011 [Doc. 33], will be amended to reflect a term of supervised release of 3 years at Count One of the indictment. In all other respects, the Judgment imposed on June 20, 2011, shall remain in full force and effect.

**ORDER ACCORDINGLY.**

ENTER:

s/ Leon Jordan
United States District Judge